IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM F. PELFREY                                                                               PLAINTIFF

v.                        Civil No. 05-4059

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                               DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Plaintiff, William Pelfrey, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his applications for disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*.

Plaintiff was 62 years of age at the time of the administrative hearing and has a Graduate Equivalency Diploma (T. 138-139, 73, 87). He has no vocationally relevant work experience, as he has not worked since 1985 (T. 13). Plaintiff asserts disability due to: residuals from a motor vehicle accident which occurred on February 7, 1987 (T. 136); hypertension; and, pulmonary embolism. His asserted onset date for disability was amended to the date of the accident, February 7, 1987 (T. 138). Plaintiff's insured status expired on December 31, 1989 (T. 62, 135).

The Social Security Administration denied plaintiff's applications initially and on reconsideration. He then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on March 9, 2005 (T. 134-158). The ALJ rendered an unfavorable decision on May 13, 2005 (T. 12-17). By Order entered August 12, 2005, the

Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 4-6), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. See *42 U.S.C. § 405(g)*. Each party has filed an appeal brief, herein (Doc. #7 & 8), and this matter is now ready for consideration.

**<u>Applicable Law</u>:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that

results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3) 1382c(3)(C)*. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 404.1520(b)*. If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, **based solely on the medical evidence**, of whether the claimant has a severe impairment or combination of impairments. *Id., § 404.1520(c);* see *20 C.F.R. § 404.1526.* (emphasis supplied) If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 404.1520(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 404.1520(e)*. If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id., § 404.1520(f)*. If so, benefits are denied; if not, benefits are awarded.

The prevailing rule, in the Eighth Circuit and elsewhere, is that "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987)*. However, neither is the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989)*. Moreover, the deference accorded a treating physician is premised upon a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993)* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986)*.

We note, however, that although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as whole. *Hogan v. Apfel 239 F.3d 958, 961 (8th Cir.2001)*. The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior, or more thorough medical evidence, or if the treating physician has offered inconsistent opinions. *Id; Rogers v. Chater,118 F.3d 600, 602 (8th Cir.1997)*.

In short, the ALJ is not required to believe the opinion of a treating physician when, on balance, the medical evidence convinces him otherwise. *Id.* As but one example, a treating physician's opinion is not entitled to its usual substantial weight when it is, essentially, a vague, conclusory statement. *Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir.1996),* citing *Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir.1991)*. Rather, conclusory opinions, which are rendered by a treating physician, are not entitled to greater weight than any other physician's opinion.

*Id.; Metz v. Shalala, 49 F.3d 374, 377 (8th Cir.1995).*

**Discussion:**

Here, the ALJ arrived at a decision to terminate the sequential evaluation process at step two. The United States Supreme Court has recognized that this severity regulation increases efficiency by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found disabled even if their age, education and work experience were taken into account. *Bowen v. Yuckert, 482 U.S. 137, 153 (1987).*

However, a majority of the United States Supreme Court adopted a standard allowing a denial of benefits at step 2 for "[o]nly those claimants with slight abnormalities that do not significantly limit 'any work activity.'" *Bowen v. Yuckert, 482 U.S. at 158.*

Thus, the sequential evaluation process can be terminated at step 2 in cases where there is "no more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir.1989).* While the plaintiff did have the burden of showing a severe impairment that significantly limited his physical or mental ability to perform basic work activities, the burden of a plaintiff at this stage of the analysis is not great. *Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir.2001).*

Further, the Social Security Administration has published a ruling on the issue of severe impairments which cautions:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.… [S]equential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior

work experience.

*Social Security Ruling 85-28, quoted in Yuckert, 482U.S. at 158, 107 S.Ct. 2287.* Applying this cautious standard to the evidence in the administrative record, we conclude that substantial evidence supports the ALJ's decision to stop the sequential analysis of the plaintiff's claim with at step two.

The ALJ stated:

In the regard, it is important to note that, at Step 2 of the sequential evaluation process, the claimant has the burden of proving that he has medically determinable "severe" impairments which "result from anatomical, physiological, or psychological abnormalities which can be show by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." (*20 C.F.R. § 404.1509, 404.1512*). *20 C.F.R. § 404.1527* provides further guidance, stating: "You impairments must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *20 C.F.R. § 404.1528* provides further guidance, stating: "Your statements alone are not enough to establish that there is a physical or mental impairment. **Signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques."**

In this case, the earliest medical records in the file are dated November 19, 2002, over 13 years after the claimant was last insured for Disability Insurance Benefits. At the hearing, I asked the claimant's representative[1] if there were any additional medical records, besides the ones that we have in our exhibit file, and he responded that there were no additional medical records.

(T. 14). (emphasis supplied)

As has been stated, the plaintiff's insured status expired on December 31, 1989. Thus,

---

[1] Mr. Charles Barnette, attorney, represents the plaintiff (T. 134).

the relevant analysis is whether the plaintiff was actually disabled prior to the expiration of his insured status. *Hinchey v. Shalala, 29 F. 3d 428, 431 (8th Cir.1994).* Plaintiff has failed to do so.

The undersigned acknowledges that the plaintiff attached medical bills from the relevant time period, as Exhibit "A", to his appeal brief. However, these are simply medical bills, they contain no diagnoses, no findings and no information from any doctors who may have treated the plaintiff during this time period.

On November 19, 2002, plaintiff presented at the VA hospital in Shreveport, Louisiana, demanding to be seen. He reportedly had not been seen there over the previous two (2) years (T. 124). He was not seen, but he was given a flu shot.

Plaintiff was seen at the VA hospital on September 12, 2003. His chief complaint was hypertension, its onset, he reported, was in 2001. The plaintiff denied any shortness of breath, dizziness, abdominal pain, headaches, nausea or vomiting (T. 122). At that time, the plaintiff was taking Verapamil[2] for his hypertension, and over-the-counter Tagamet and potassium (T. 122). He was noted to ambulate with no gait disturbance, and he reported no "fall history." (T. 119) The diagnoses were: hypertension; chronic smoking; and, chronic alcoholism (T. 123). The doctor discussed diet, smoking and alcohol, but he plaintiff refused "any kind of suggestions" (T. 123), and Lisinopril[3] and Hydrochlorothiazide[4] were added to his treatment

---

[2] Verapamil is indicated for the management of hypertension and angina. *Physicians' Desk Reference (hereinafter "PDR"), p. 3136 (60th Ed.2006).*

[3] Lisinopril is indicated for the treatment of hypertension. It may be used alone as initial therapy or concommitantly with other classes of antihypertensive agents. *PDR, p. 2030.*

[4] Hydrochlorothiazide is indicated for the treatment of hypertension. *PDR, p. 1884.*

-7-

AO72A
(Rev. 8/82)

regime. Plaintiff reportedly was "doing fine." (T. 122). Plaintiff also advised that he had been in an automobile accident in the 1980's, and had sustained several broken bones on the left side of his body, but stated "he never had any kind of surgeries and he was put on some kind of splint in the bed, that kept him for three to four months." (T. 122) On November 10, 2003, the plaintiff received a flu shot at the VA hospital (T. 118).

The plaintiff, his wife and his son each testified at the administrative hearing. Plaintiff's wife also stated that, although they had tried to obtain the medical records from the relevant time period, neither the doctor, the clinic, the hospital, nor the insurance company were able to provide any medical records (T. 153). According to her, the records had been lost. However, statements alone are not enough to establish that there is a physical or mental impairment. *20 C.F.R. § 404.1528.*

On February 26, 2004, Dr. William C. Tompkins, Jr., whom the plaintiff and his family state was his treating physician at the time of the accident, wrote the following:

> William Pelfrey was in a motor vehicle accident on February 7, 1987 in which he suffered multiple rib fractures, fracture of the left shoulder, fractured vertebra and pelvis, as well as inability to move lower extremities. He eventually was able to ambulate with assistance. He was hospitalized for three weeks and had to undergo expensive rehabilitation and was permanently disabled. He was again hospitalized in May 1987 with pulmonary embolism and was in the hospital for two weeks.

(T. 130). Of note, Dr. Tompkins, who is listed on his letterhead as a general thoracic and vascular surgeon, does not state that plaintiff was his patient, or that plaintiff underwent surgery. He does not explain what he means by "permanently disabled" and he does not indicate any cause for such opinion. The record contains no objective medical tests or findings to support the doctor's statement, some 17 years after the accident, and almost 14 years after the

-8-

plaintiff's insured status expired.

The ALJ discounted Dr. Tompkins' letter, and properly articulated his reasoning for so doing, as required (T. 15-16). Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation. *20 C.F.R § 404.1527(d)(2); see also SSR 96-2p; Prosch v. Apfel 201 F.3d 1010, 1013 (8th Cir.2000)*. We reiterate that the only objective medical evidence of record contains diagnoses of hypertension (onset 2001), chronic smoking and chronic alcoholism.

The ALJ noted that the state agency medical consultants reviewed plaintiff's medical records and determined that Plaintiff had failed to establish that he had any anatomical, physiological or psychological abnormalities that could be observed, apart from his statements of his symptoms, and that he had failed to prove that he had any medically determinable "severe" impairment or combination of impairments as of his date last insured (T. 16, 19-22). Stating further, he noted:

> I must not ignore these opinions, and I must explain the weight given to them. In this particular case... I completely agree with that analysis, finding it to be very well supported by the evidence in this case.

(T. 16).

Finally, it is well settled that the undersigned may not reverse a prior determination based only on a finding that substantial evidence would support an opposite decision. *Prosch v. Apfel, 201 F.3d at 1012*. If supported by substantial evidence, as here, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales, 402 U.S. 389, 390 (1971)*.

AO72A
(Rev. 8/82)

**Conclusion:**

Accordingly, the Court concludes that the ALJ's decision denying benefits to the plaintiff is supported by substantial evidence of record, and should be affirmed. Further, the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 6th day of July, 2006.

        /s/ Bobby E. Shepherd
        HONORABLE BOBBY E. SHEPHERD
        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)